UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE M. CONGDON,

    Plaintiff,                      Civil Action No. 2:19-cv-13259
v.                                   Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

# ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation. **[ECF No. 20]** Timely objections and a response to the objections were filed. **[ECF Nos. 23 and 26]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.  In his objections, Plaintiff contests the Magistrate Judge's conclusions that: (1) the ALJ fully incorporated Dr. Daldin's opinion and made no error in the decision with regard to the evidence from that source; and (2) the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence. The Court is not persuaded by Plaintiff's arguments.

With respect to Plaintiff's first objection, the Court finds that the ALJ gave great weight to Dr. Daldin's opinion and fully incorporated Dr. Daldin's opinion when considering Plaintiff's RFC.  When finding that Plaintiff could perform "simple duties, defined as those that can be learned within 30 days, and that <u>require little or no judgment to perform</u>," ECF No. 20, PageID.484 (citing ALJ Transcript at 19) (emphasis added), the ALJ credited and took into account Dr. Daldin's limitations on Plaintiff's mental capacity.  As Dr. Daldin did not include the

limitation of "simple demonstration," the ALJ was not bound by that limitation. And, contrary to Plaintiff's argument, the ALJ did not set as a standard that Plaintiff was qualified for positions that took 30 days to learn. Rather, the positions <u>had to</u> require little or no judgment to perform and <u>could</u> be learned within 30 days.

The Court acknowledges Plaintiff's contention that the ALJ did not use the words "rote, simple jobs" when asking the vocational expert about possible positions Plaintiff could perform. But, the ALJ had no duty to use verbatim language or terminology. *See, e.g., Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)) (the ALJ is not required to adopt an opinion verbatim, even where she gives it great weight)*; Callahan v. Comm'r of Soc. Sec.,* No. 17-14069, 2019 WL 2218825, at *8 (E.D. Mich. Feb. 4, 2019). When the ALJ stated that Plaintiff was limited to perform only simple duties that required little or no judgment to perform, the ALJ posed to the vocational expert questions that "fully captured the opinion being credited," that is, Dr. Daldin's opinion that Plaintiff could perform only "rote, simple jobs." *See, e.g.*, ECF No. 19, PageID.470. This is consistent with the ALJ's statement that Plaintiff would be limited "performing rote, simple jobs." In doing so, the Court finds that the ALJ fully incorporated Dr. Daldin's opinion and sufficiently took into account

3

Plaintiff's limitations when: (a) questioning the vocational expert, and (b) finding that there were positions available Plaintiff was capable of performing.

As to Plaintiff's second objection, contrary to Plaintiff's claim that "the Court should not defer to any extent to the ALJ's evaluation by virtue of her opportunity to observe [Plaintiff's] demeanor and assess his overall credibility," the Court concludes that it must give deference to the ALJ's findings regarding Plaintiff's subjective complaints. *See, e.g., Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citation omitted) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying. . . . Therefore, we are limited to evaluating whether or not the ALJ's explanations for partially discrediting Ms. Jones are reasonable and supported by substantial evidence in the record"); *Hardaway*, 823 F.2d at 928 (the credibility findings of an ALJ must not be discarded lightly and should be accorded great deference); *Garner,* 745 F.2d at 397 (the district court may not resolve conflicts in the evidence nor decide questions of credibility). The Court does not find that the provisions of SSR 16-3p cited by Plaintiff (that an ALJ must "not assess an individual's overall character or truthfulness in the manner typically used

4

during an adversarial court litigation") impact the deference that the Court is to give the ALJ's evaluation.[1]

Plaintiff's contention that the ALJ improperly evaluated Plaintiff's daily activities, treatment history, and concentration/memory limitations has more merit. As Plaintiff argues, he offered clarifying statements regarding his activities. Those clarifications reflect that engaging in those activities may not be the equivalent of performing a job, and the Court would agree that completing daily activities is not the same as working in an employed position. In this case, however, there is substantial evidence that the daily activities in which Plaintiff has acknowledged he engages, together with the other evidence in the record, do support a finding that he is not disabled and can perform certain jobs in the economy.

As always, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004). For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the

---

[1] SSR 16-3p eliminated use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." *Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), adopted, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018). Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018).

determinations Plaintiff challenges in his objections, was supported by substantial evidence and was not based on any legally erroneous determination. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[ECF No. 20, filed January 7, 2021]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[ECF No. 23, filed February 2, 2021]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 13, filed April 4, 2020]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 17, filed June 4, 2020]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

DATED: March 23, 2021

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge